IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-cr-00462 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| vs. | ) ) ) | |
| TERREZ WILSON, | ) ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Defendant. | ) ) | |

Now comes Defendant Terrez Wilson, by and through his undersigned counsel Marisa L. Serrat, and respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. Mr. Wilson respectfully requests this Honorable Court to consider his difficult childhood, supportive family, post-offense rehabilitation, compliance while in pretrial detention, acceptance of responsibility, lack of any prior sentence of imprisonment, and sincere remorse when imposing a reasonable sentence. Mr. Wilson respectfully requests this Honorable Court to impose a sentence at the lowest end of his guideline range and grant him credit for time served. A more thorough explanation of this request is set forth in the attached Memorandum in Support, incorporated herein by reference.

                                                Respectfully Submitted,

                                                s/ Marisa L. Serrat_____
                                                **JAIME P. SERRAT LLC**
                                                Marisa L. Serrat, (#0088840)
                                                Attorney for the Defendant
                                                55 Public Square, Suite 2100
                                                Cleveland, OH 44113
                                                (216) 696-2150; (216) 696-1718- fax
                                                Mserratlaw@gmail.com

## MEMORANDUM IN SUPPORT

### I. PROCEDURAL BACKGROUND.

On August 23, 2023, Terrez Wilson was named in 3-Counts of a 14-Count Indictment filed in the United States District Court for the Northern District of Ohio. (Indictment, R. 1). Mr. Wilson waived his right to a detention hearing and was remanded to federal custody on December 5, 2023. On June 20, 2024, Mr. Wilson plead guilty to Count 3 of the Indictment pursuant to a written plea agreement. It is anticipated that the government will move to dismiss Counts 1 and 2 at sentencing. Count 3 alleges that on June 9, 2023, Terrez Wilson illegally possessed a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

Mr. Wilson has been detained at the Mahoning County Jail and has not had any documented administrative rule or disciplinary violations as of the date of his report. (PSR, R. 137, PID 807).

### II. GUIDELINE DETERMINATION.

The parties agreed that Mr. Wilson's base offense level is eighteen (18) due to the type of firearm (machine gun) that Mr. Wilson possessed at the time of his offense, pursuant to USSG §2K2.1(a)(5). That offense level is reduced by 3-levels because Mr. Wilson timely accepted responsibility for his actions and plead guilty. His adjusted base offense level is fifteen (15), which is consistent with the parties written plea agreement.

Mr. Wilson received two (2) juvenile criminal history points as a result of one (1) combined sentence of six (6) months' probation. Mr. Wilson also received two (2) criminal history points for two (2) prior adult convictions that were imposed on the same day, after his conduct in this offense. On April 14, 2024, Mr. Wilson received a thirty (30) day sentence for unauthorized use of a motor vehicle (M1). On the same date, April 14, 2024, Mr. Wilson received a sentence of one (1) year probation for having a weapon under disability (*while under indictment*- F3) and obstructing

official business (F5). As a result, Mr. Wilson has a total of four (4) 1-point prior offenses, resulting in the lowest section of criminal history category three (III). Prior to this instant term of incarceration, Mr. Wilson has never previously been sentenced to a custodial term of imprisonment.

Based upon a total offense level of fifteen (15) and a criminal history category of three (III), the guideline imprisonment range in Mr. Wilson's presentence report is 24 to 30 months imprisonment. (PSR, R. 137, PID 817). The parties have no agreement about the criminal history category to be used in this case in the written plea agreement.

The defense does have a pending objection to the two (2) prior juvenile convictions scoring criminal history points, arguing that Mr. Wilson should have a total of two (2) adult criminal history points, corresponding to a criminal history category of two (II) and a guideline range of 21 to 27 months imprisonment. (PSR, R. 137, PID 823-4).[1] The defense also has a pending objection to part of the factual basis of criminal history paragraph 29. *Id.* at PID 824.

### III. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

#### A. LAW.

In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather must also consider the factors enumerated in 18 USC 3553(a) to determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). 18 U.S.C 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence.

---

[1] The USSC Judicial Sentencing Information ("JSIN") for a final offense level of fifteen (15) and a criminal history category of two (II), is an average length of imprisonment of 21 month(s) and a median length of imprisonment of 21 month(s). Available at:
https://jsin.ussc.gov/analytics/saw.dll?Dashboard&PortalPath=%2Fshared%2FJSIN%2F_portal%2FJSIN&page=Sentencing%20Table

Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

**B. SENTENCING DISPARITIES.**

The presentence report states that in accordance with 18 U.S.C. § 3553(a)(6), the Court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The U.S. Sentencing Commission compiles and publishes Judiciary Sentencing Information ("JSIN") data.[2] According to Mr.

---

[2] Available at: https://jsin.ussc.gov/analytics/saw.dll?Dashboard&PortalPath=%2Fshared%2FJSIN%2F_portal%2FJSIN&page=Sentencing%20Table

Wilson's presentence report, during the last five fiscal years (FY 2019-2023), there were 632 defendants whose primary guideline was §2K2.1, with a Final Offense Level of 15 and a Criminal History Category of three (III). (PSR, R. 137, PID 821). For the 597 defendants (94%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was **26 month(s)** and the median length of imprisonment imposed was **24 month(s).**

### C. PERSONAL HISTORY AND CHARACTERISTICS.

Terrez Lashawn Wilson is currently twenty (20) years old and was only nineteen (19) years old at the time of his offense on June 9, 2023. Mr. Wilson admitted to his conduct in this case and has expressed sincere remorse for his actions in his statement accepting responsibility. (PSR, R. 137, PID 809). Mr. Wilson experienced a difficult childhood as documented in his presentence report, but also has positive memories from his childhood. *Id*. at PID 814. He spent most of his childhood and adult life in Cleveland, Ohio. He maintains a close relationship with his mother, siblings, and extended family. His parents have indicated that he is welcome to return home to their residence upon release from custody.

While incarcerated in pretrial detention, Mr. Wilson welcomed his first child, a son. *Id*. Having a child and not being there to experience all of the joys of having a child has had a profound impact on Mr. Wilson. He greatly enjoys video visits and photos of his son, but he knows that he will never get the time back that he has spent away as a result of his actions. This has had a strong impact on Mr. Wilson and his desire to have a successful future outside of the criminal justice system.

Mr. Wilson understands the severity of his actions here and fully understands that as a result of this conviction (*and his 2024 felony state court conviction*) he is prohibited from being around any firearm or ammunition in the future.

While incarcerated at Cuyahoga County Jail in pretrial detention, Mr. Wilson was actively working towards getting his GED. He is currently incarcerated at Mahoning County Jail which unfortunately does not have a GED program. However, while at Mahoning County Jail, Mr. Wilson has been actively participating in rehabilitation-based programs and has completed numerous certificates. Mr. Wilson does have difficult reading and was in an IEP program to assist with his learning disabilities. Mr. Wilson has a strong desire to obtain his GED because he knows it will open many doors for him in the future regarding employment opportunities. Mr. Wilson is a young man who does not have much work experience but he hopes to become gainfully employed so he can support his young son upon his release from custody.

Based upon the foregoing, Mr. Wilson respectfully requests this Honorable Court to give due consideration to all of his mitigating factors when imposing a reasonable sentence.

## IV. CONCLUSION.

Terrez Lashawn Wilson respectfully requests that this Honorable Court consider all of the 18 U.S.C. § 3553(a) factors described above and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Mr. Wilson respectfully requests a sentence at the lowest end of his guideline range with credit for time served.

Respectfully Submitted,

s/ Marisa L. Serrat
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#0088840)
Attorney for the Defendant
55 Public Square, Suite 2100
Cleveland, OH 44113
(216) 696-2150; (216) 696-1718- fax
Mserratlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marisa L. Serrat_____
**JAIME P. SERRAT LLC**
Marisa L. Serrat, (#0088840)
Attorney for the Defendant